

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

Gerald Mann
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2237
Re: Whether coin-operated device sold by the Pay-Pull Manufacturing Company is subject to the tax levied by Article 7047a-3, Vernon's Civil Statutes.

In your letter of April 29, 1940, you describe a certain device sold by the Pay-Pull Manufacturing Company of San Antonio, and request our opinion as to whether the same is subject to the tax levied under Article 7047a-2 to 18, Vernon's Civil Statutes. You state that this device is attached to a cooler containing bottled drinks. After taking a bottled drink from the cooler, a customer must deposit a five cent coin in the top of such attached coin operated device before he is provided a means for removing the cap from the bottled drink. The deposit of such a coin in the machine automatically provides a cap remover. Such device also tabulates the number of drinks sold from the cooler to which it is attached.

Sections (d) and (f) of Article 7047a-2, Vernon's Civil Statutes, read as follows:

"(d) The term 'merchandise or music coin-operated machine' as used herein shall mean and include every coin-operated machine of any kind or character, which dispenses or vends or which is used or operated for dispensing or vending

merchandise, commodities, confections or music
and which is operated by or with coins or metal
slugs, tokens or checks. The following are ex-
pressly included within said term: candy ma-
chines, gum machines, sandwich machines, handker-
chief machines, sanitary drinking cups, phonographs,
pianos, graphophones, radios, and all other coin-
operated machines which dispense or vend merchan-
dise, commodities, confections or music."

"(f) The term 'service coin-operated machines'
shall mean and include pay toilets, pay telephones
and all other machines or devices which dispense
service only and not merchandise, music, skill or
pleasure."

Article 7047a-3, Vernon's Civil Statutes, levies
a tax on "merchandise or music coin-operated machines" in
the amounts therein set out. Article 7047a-4, Vernon's
Civil Statutes, reads as follows:

"Gas meters, pay telephones, pay toilets,
and cigarette vending machines which are now
subject to an occupation or gross receipt tax
and 'service coin-operated machines' as that
term is defined, are expressly exempt from the
tax levied herein, and the other provisions of
this Section."

It is first noted that the service coin operated
machines which are exempt from the tax are those which dis-
pense "service only, and not merchandise, music, skill or
pleasure". It is a matter of common knowledge that vendors
of bottled drinks either open the bottles themselves for
the convenience of the customers or provide openers for
their use in opening them. Whatever service may be in-
volved in furnishing an opener is purely incidental to the
sale of the drink. The machine in question is coin operated.
It provides the method of opening the bottle and making the
liquid available to the customer. For practical purposes,
it has the same thing to do with the sale of the drink as

Honorable George R. Sheppard, Page 3


would a machine which upon deposit of a nickel would make
the bottle available to the customer in the first place.
In our opinion, the device which you describe is subject
to the tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis
Assistant

APPROVED MAY 3, 1949

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

GRL:pbp:ew/nm